# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ALEXANDER WOODARD,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. WANG,<br><br>    Defendant. | Case No.  1:16-cv-01089-SAB (PC)<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Adrian Alexander Woodard is a state prisoner appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c)(1).[1]  Currently before the Court is Plaintiff's complaint, filed on July 28, 2016.  (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on January 25, 2017.  (ECF No. 6.)

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

Plaintiff is a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at the Corcoran State Prison ("CSP"), which is where the events at issue here occurred. Plaintiff names Dr. Wang, a doctor at CSP, as Defendant ("Defendant Wang"). Plaintiff alleges as follows: on September 11, 2015, Plaintiff fell down the stairs and twisted his right ankle during an adverse cell move.

Plaintiff was seen by Nurse Serna at the facility medical clinic and a few hours later was escorted via wheelchair to the institutional hospital ("ACH") and seen by Nurse E. Crawford. After consultation with Defendant Wang, it was determined that Plaintiff would be returned to his housing unit, he was administered Ibuprofen, and he was discharged.

On September 12, 2015, Plaintiff returned to ACH for a follow-up with Defendant Wang, during which Plaintiff repetitiously complained about pain, loss of sleep, and gravid swelling. Defendant Wang stated, "[t]here is nothing I can do for you beside prescribe pain medication." Plaintiff responded, "[t]he medicine is not relieving my pain." Defendant Wang then said, "[g]rown man [sic] handle pain." Plaintiff was ordered to leave and was returned back to his housing unit where he endured severe pain, excessive swelling, and loss of sleep. Plaintiff complained to medical staff, but was denied treatment due to Defendant Wang's orders.

On September 13, 2015, Plaintiff was seen by R.N. Sparlin at ACH and Plaintiff expressed his pain and requested treatment for his ankle. Plaintiff asked to be sent to a hospital and stated that he had not slept in over 2 days and that the Ibuprofen was not relieving his pain and suffering. Plaintiff was sent back to his housing unit.

On September 14, 2015, Plaintiff had x-rays taken at ACH and Dr. Shultz's report indicates that there was a comminuted fracture of the distal fibula. That same day, Plaintiff was sent to Mercy Hospital in Bakersfield for treatment. When Plaintiff arrived there, Plaintiff told Dr. Ahmed that the injury occurred on September 11, 2015.[2] Dr. Ahmed stated, "I wonder why it took so long to send you, because now the swelling is so bad I cannot set the bone." Plaintiff replied, "I don't know." Plaintiff was admitted to the hospital and received treatment for the excessive swelling and in the days that followed received a cast for his ankle.

Plaintiff alleges an Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Wang. He also alleges a state law claim for a violation of Section 845.6 of the California Government Code against Defendant Wang. He further alleges that the failure to immediately treat his ankle condition has resulted in a permanent limp and chronic pain which seriously affect his activities in prison. Plaintiff claims that he has permanent damages which could have been prevented if immediate medical care was summoned.

///

///

---

[2] Plaintiff states September 11, 2016, but it appears he intended to state September 11, 2015.

3

## III.

## DISCUSSION

A.  **Eighth Amendment Claim**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not

support a claim of deliberate indifference. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

Based on Plaintiff's allegations in the complaint, the Court finds that Plaintiff states a cognizable claim for deliberate indifference to a serious medical need against Defendant Wang in his individual capacity.

### B.     State Law Claim

Plaintiff also brings a claim under state law for failure to summons immediate medical care. Section 845.6 of the California Government Code, in pertinent part, states:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

Cal. Gov't Code § 845.6.

An employee is liable for failing to summon immediate medical care under Section 845.6, but any "failure to prescribe necessary medication or, once summoned to provide treatment, to ensure proper diagnosis, or to monitor the progress of an inmate that the public employee has been summoned to assist, are issues relating to the manner in which medical care is provided" and do not subject the employee to liability under Section 845.6 for failure to summon. See <u>Castaneda v. Dep't of Corr. and Rehab.</u>, 212 Cal. App. 4th 1051, 1072 (2013); <u>Leonard v. Denny</u>, No. 2:12–cv–0915 TLN AC P, 2016 WL 43550, at *10 (E.D. Cal. Jan. 5, 2016) (noting that liability under § 845.6 for failure to summon immediate medical care does not apply to situations where medical care was provided, but was deficient). "Failure of a practitioner to prescribe or provide necessary medication or treatment to one he or she has been summoned to assist" is medical malpractice and "cannot be characterized as a failure to summon medical care." <u>Nelson v. State of California</u>, 139 Cal. App. 3d 72, 81 (1982).

Here, Plaintiff alleges that he was seen by Defendant Wang on September 12, 2015, but Defendant Wang failed to summon immediate medical care for Plaintiff's fractured ankle. Although Plaintiff frames the issue as a failure to summon immediate medical care for Plaintiff's ankle, Plaintiff's allegations involve deficiencies with respect to the level and reasonableness of

the care that was provided by Defendant Wang. Therefore, the Court finds that Plaintiff fails to state a claim for violation of Section 845.6 of the California Government Code against Defendant Wang for failure to summon immediate medical care.

### C. Official Capacity Claims

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). Accordingly, the Court finds that Plaintiff may only proceed on monetary claims against Defendant Wang in his personal capacity, and the official capacity claims are dismissed from the action.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant Wang in his individual capacity for deliberate indifference to a serious medical need in violation of the Eighth Amendment. However, Plaintiff has not sufficiently alleged facts for his state law claim under Section 845.6 of the California Government Code against Defendant Wang for failure to summon immediate medical care. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim under the Eighth Amendment against Defendant Wang in his individual capacity, Plaintiff may so notify the Court in writing, and the Court will dismiss the other claim.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose

acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Wang in his individual capacity for violation of the Eighth Amendment; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **March 20, 2017**

UNITED STATES MAGISTRATE JUDGE

7