# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ALEXANDER WOODARD, <br><br> Plaintiff, <br><br> v. <br><br> DR. WANG, <br><br> Defendant. | Case No.: 1:16-cv-01089-SAB (PC) <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, AND SCREENING AMENDED COMPLAINT <br><br> [ECF No. 19] |

Plaintiff Adrian Alexander Woodard is a state prisoner appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 25, 2017, Plaintiff consented to magistrate judge jurisdiction. (ECF No. 6.) On June 30, 2017, Defendant Dr. Wang consented to United States Magistrate Judge jurisdiction. (ECF No. 12.)

**I.**

**BACKGROUND**

On March 20, 2017, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it stated a cognizable claim against Defendant Wang in his individual capacity for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

However, the Court found that the complaint did not state any other cognizable claims. The Court directed Plaintiff either file an amended complaint or notify the Court of his intent to proceed against Defendant Wang on the claim found to be cognizable.

On April 5, 2017, Plaintiff notified the Court of his intent to proceed only against Defendant Wang in his individual capacity for the alleged Eighth Amendment violation. (ECF No. 8.) On April 6, 2017, the Court ordered service to be initiated against Dr. Wang for Plaintiff's complaint alleging a violation of the Eighth Amendment due to deliberate indifference to a serious medical need, and ordered that the remaining claims were dismissed. (ECF No. 9.)

As noted above, on June 30, 2017, Defendant Wang consented to the jurisdiction of a United States Magistrate Judge, through counsel. (ECF No. 12.) On July 18, 2017, Defendant Wang answered the complaint. (ECF No. 14.) On July 19, 2017, the Court issued a discovery and scheduling order. (ECF No. 15.) Pursuant to that order, the deadline for amending the pleadings is January 19, 2018. (Id at 2.)

## II.

## MOTION TO AMEND

Currently before the Court is Plaintiff's motion for leave to file an amended complaint, filed on October 6, 2017. (ECF No. 19.) Plaintiff seeks leave to amend the complaint to add allegations regarding his exhaustion of administrative remedies, including dates, and to add additional facts about what was said between him and Defendant Dr. Wang. Plaintiff also seeks to add exhibits. Plaintiff's proposed amended complaint is attached to his motion. The time for Defendant to respond to Plaintiff's motion has passed, and no response was filed. The motion is deemed submitted. Local Rule 230(l).

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006)

(quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.

Here, Defendant Wang has answered the original complaint in this action on July 18, 2017. Plaintiff's amended complaint was not filed within twenty-one days of that date. Therefore, Plaintiff requires leave of court to file an amended complaint.

The Court has reviewed Plaintiff's proposed amended complaint, and finds that it adds more detailed factual allegations than his original complaint, but does not seek to add any additional unrelated claims, allegations, or events. The Court finds that Plaintiff does not seek leave to amend in bad faith. Nor is the amendment futile or prejudicial to Defendant Wang, and it will not result in undue delay in the litigation. Accordingly, Plaintiff's motion for leave to amend the complaint will be granted. The Clerk of the Court will be directed to file Plaintiff's lodged proposed amended complaint, with exhibits, on the docket.

The Court now proceeds to screening the allegations of Plaintiff's First Amended Complaint.

## III.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate

3

that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**IV.**

**COMPLAINT ALLEGATIONS**

Plaintiff is a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at the Corcoran State Prison ("CSP"), which is where the events at issue here occurred. Plaintiff names Dr. Wang, a doctor at CSP, as Defendant.

Plaintiff alleges as follows: on September 11, 2015, at approximately 8:00 p.m. during an adverse cell move, Plaintiff fell down the stairs and twisted his right ankle. Plaintiff attempted to walk, but simultaneously fell. Plaintiff was placed in a wheelchair and escorted to the facility medical clinic, and was seen by Nurse Serna.

Approximately a few hours later, Plaintiff was escorted via wheelchair to the institutional hospital ("ACH") and seen by Nurse E. Crawford, to whom Plaintiff explained his ankle injury. Plaintiff was also seen by unknown medical staff, and explained his ankle injury. Medical staff ignored Plaintiff's ankle injury and symptoms, administered Ibuprofen to him for his ankle pain, and discharged him to his cell.

The next day, at approximately 11:00 a.m. or 12:00 p.m., on September 12, 2015, after Plaintiff repeatedly complained to custody staff about his severe pain to his ankle, Plaintiff returned to ACH for a follow-up with Defendant Wang. Defendant Wang asked Plaintiff what

4

happened, and Plaintiff relied that he fell down the stairs while carrying personal property. Plaintiff repeatedly complained about serious pain and swelling to his right ankle, and that he could not sleep due to pain. Defendant Wang replied, "[t]here is nothing I can do for you besides prescribe pain medication." Plaintiff responded, "I cannot sleep because of my ankle pain and the medication you gave me is not working." Defendant Wang then told Plaintiff, "[g]rown man [sic] handle pain." Plaintiff was ordered to leave the exam room and was returned back to his housing cell unit, where he endured severe pain, excessive swelling, and further loss of sleep. Plaintiff complained to medical staff, but was denied treatment due to Defendant Wang's orders.

On September 13, 2015, at approximately 11:00 a.m. or 12:00 p.m., Plaintiff was seen by R.N. Sparlin at ACH and Plaintiff expressed his pain and requested treatment for his ankle. Plaintiff asked to be sent to a hospital, and stated that he had not slept in over 2 days, and that the Ibuprofen was not relieving his pain and suffering. Plaintiff was sent back to his housing unit.

On September 14, 2015, at approximately 11:00 a.m., Plaintiff had x-rays taken at ACH and was seen by Defendant Wang after x-rays were completed. Plaintiff was subsequently transferred to Dignity Health Mercy Hospital in Bakersfield, where Dr. Shultz indicated in his report his opinion that Plaintiff had a comminuted fracture of the distal fibula.

On the same day, when Plaintiff was at Mercy Hospital for treatment, Plaintiff was asked by Dr. Ahmed when the injury occurred. Plaintiff replied that it occurred on September 11, 2015.[1] Dr. Ahmed stated, "I wonder why it took so long to send you, because now the swelling is so bad I can't set the bone." Plaintiff replied, "I don't know." Plaintiff was admitted to the hospital and received treatment for the excessive swelling, and in the days that followed received a cast for his ankle.

Plaintiff alleges an Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Wang. Plaintiff seeks declaratory relief, a preliminary and permanent injunction, compensatory and punitive damages, attorney's fees, and costs.

///

///

---

[1] Plaintiff states September 11, 2016, but this appears to be a typographical error.

# V.

# DISCUSSION

A. **Eighth Amendment Claim**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

Based on Plaintiff's allegations in the complaint, the Court finds that Plaintiff states a cognizable claim for deliberate indifference to a serious medical need against Defendant Wang in his individual capacity.

### B. Declaratory Relief

As noted above, Plaintiff seeks declaratory relief. However, his claim for damages necessarily entails a determination whether his rights were violated. Therefore, his separate request for declaratory relief is subsumed by those claims. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 566 n. 8 (9th Cir. 2005). Therefore, Plaintiff's claim for declaratory relief will be dismissed.

### C. Preliminary Injunction

The Court notes that Plaintiff's prayer for relief seeks a preliminary and permanent injunction ordering Defendant Wang to send Plaintiff to an off-site doctor to perform surgery on Plaintiff's right ankle, and for physical therapy until recovery. Defendant Wang will be served with this screening order and the amended complaint, and will be required to respond to Plaintiff's request.

## VI.

## CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint is granted;

2. The Clerk of the Court is directed to file pages 3 through 45 of the motion to amend as Plaintiff's first amended complaint on the docket;

3. This case proceeds on Plaintiff's first amended complaint against Defendant Wang in his individual capacity for deliberate indifference to a serious medical need in violation of the Eighth Amendment;

4. Defendant Wang shall respond to Plaintiff's first amended complaint within **fourteen (14) days** of service of this order. Fed. R. Civ. P. 15(a)(3); and

///

7

5. Defendant Wang shall respond to Plaintiff's request for a preliminary injunction within **twenty-one (21) days** of service of this order. Plaintiff may file a reply to Defendant's response within **seven (7) days** of service of the response.

IT IS SO ORDERED.

Dated: **November 30, 2017**

UNITED STATES MAGISTRATE JUDGE