# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ALEXANDER WOODARD, <br><br> Plaintiff, <br><br> v. <br><br> DR. WANG, <br><br> Defendant. | Case No.: 1:16-cv-01089-SAB (PC) <br><br> ORDER DENYING DEFENDANT'S REQUEST FOR RE-SCREENING, AND REQUIRING RESPONSE TO FIRST AMENDED COMPLAINT <br><br> [ECF No. 22] |

Plaintiff Adrian Alexander Woodard is a state prisoner appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 25, 2017, Plaintiff consented to magistrate judge jurisdiction. (ECF No. 6.) On June 30, 2017, Defendant Dr. Wang consented to United States Magistrate Judge jurisdiction. (ECF No. 12.)

Currently before the Court is Defendant's request for re-screening, waiver of reply, and demand for a jury trial, filed on December 15, 2017. (ECF No. 22.) Plaintiff has not filed a response, but the Court finds that none is necessary, and that Plaintiff will not be prejudiced by the consideration of Defendant's request. Local Rule 230(l).

## I.

## BACKGROUND

On March 20, 2017, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it stated a cognizable claim against Defendant Wang in his individual capacity for deliberate indifference to a serious medical need in violation of the Eighth

Amendment. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Following Plaintiff's notification that he agreed to proceed only on the claim identified as cognizable, (ECF No. 8), on April 6, 2017, the Court ordered service to be initiated against Dr. Wang and further ordered that the remaining claims were dismissed, (ECF No. 9).

On October 6, 2017, Plaintiff filed a motion for leave to file an amended complaint, including a proposed amended complaint. (ECF No. 19.) Defendant made no response to the motion.

On November 30, 2017, the Court granted Plaintiff's motion for leave to amend, ordered the Clerk of the Court to file Plaintiff's first amended complaint, and screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 20.) The Court ordered that this case would proceed on Plaintiff's first amended complaint against Defendant Wang in his individual capacity for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and required Defendant Wang to respond to the first amended complaint within fourteen (14) days. (Id. at 7.) Defendant was further ordered to respond to Plaintiff's request for preliminary injunctive relief. (Id. at 8.)

Defendant has not filed any response to the first amended complaint. Instead, as noted above, on December 15, 2017, Defendant filed the instant request for re-screening, waiver of reply, and demand for jury trial.

**II.**

**DISCUSSION**

Defendant first requests re-screening of the first amended complaint on the basis that some of Plaintiff's allegations have been substantially revised, including the relief requested in the prayer, and that the Court dismiss any claims that it believes are not cognizable, or that are frivolous or malicious. Further, Defendant waives his right to reply to the first amended complaint pursuant to 42 U.S.C. § 1997e(g). Finally, Defendant demands a jury trial pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3-6.

///

2

As noted above, in its November 30, 2017 order, the Court considered whether Plaintiff's claim for deliberate indifference to serious medical needs against Defendant Wang in his individual capacity, as alleged in the first amended complaint, was frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. (ECF No. 20) See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has also considered whether Plaintiff has a reasonable opportunity to prevail on the merits of these claims. See 42 U.S.C. § 1997e(g). The Court has determined that dismissal of Plaintiff's claim is not appropriate at this time, and Defendant must respond to these claims. See 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," a defendant is required to respond).

Defendant specifically noted that Plaintiff altered his requests for relief. To clarify any confusion for Defendant, as described in the November 30, 2017 order, the Court found that Plaintiff's new claim for declaratory relief is not cognizable in this action as it is subsumed by his claim for damages for the same conduct, and therefore that claim was dismissed. (ECF No. 20, at p. 7.) The Court also noted that Plaintiff seeks preliminary and permanent injunctive relief, and ordered that Defendant must respond to Plaintiff's request for a preliminary injunction. (Id. at 8.) The Court finds no grounds have been presented to re-screen the first amended complaint.

Defendant's notice of demand for a jury trial is noted for the record.

## III.

## CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Defendant's request to re-screen the complaint is DENIED;

2. Defendant Wang shall respond to Plaintiff's first amended complaint within **fourteen (14) days** of service of this order. Fed. R. Civ. P. 15(a)(3); and

///

3

3. Defendant Wang shall respond to Plaintiff's request for a preliminary injunction within **fourteen (14) days** of service of this order. Plaintiff may file a reply to Defendant's response within **seven (7) days** of service of the response.

IT IS SO ORDERED.

Dated: **December 19, 2017**

_____
UNITED STATES MAGISTRATE JUDGE

4