# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ALEXANDER WOODARD,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. WANG,<br><br>    Defendant. | Case No. 1:16-cv-01089-SAB (PC)<br><br>ORDER STRIKING PLAINTIFF'S REPLY TO ANSWER<br><br>[ECF No. 33] |

Plaintiff Adrian Alexander Woodard is a state prisoner appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claim against Defendant Dr. Wang in his individual capacity for deliberate indifference to a serious medical need in violation of the Eighth Amendment. All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF Nos. 6, 12.)

On December 22, 2017, Defendant filed an answer to Plaintiff's first amended complaint. (ECF No. 24.) Currently before the Court is Plaintiff's reply to the answer, entitled "Plaintiff's reply and opposition motion to disregard Defendant's answer to the first amended complaint and to strike the response to Plaintiff's request for injunctive relief," filed on March 26, 2018. (ECF No. 33.)

Rule 7 of the Federal Rules of Civil Procedure provides as follows:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is

> served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Fed. R. Civ. P. 7(a). The Court did not order Plaintiff to reply to Defendants' answer, nor did Plaintiff seek any leave to file a reply to the answer. The Court declines to require any reply to the answer.

Plaintiff also seeks in his reply for the Court to strike Defendant's response to Plaintiff's request for injunctive relief, and to disregard the answer. Under Rule 12 of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff asserts that the defenses raised are either not true or incorrect, and that he should be granted his relief requested. The Court does not find this to be sufficient grounds to strike any portion of Defendant's answer, and thus his motion to strike is denied.

Accordingly, it is HEREBY ORDERED that Plaintiff's reply, filed on March 26, 2018 (ECF No. 33), is stricken from the record. Further, his request to strike Defendant's answer is denied.

IT IS SO ORDERED.

Dated: __March 27, 2018__

UNITED STATES MAGISTRATE JUDGE